UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAWN TURNER,

    Plaintiff,

v.                                                CASE NO: 8:10-cv-1665-JDW-AEP

SMITH, DEAN & ASSOCIATES,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's motion to vacate clerk's default (Dkt. 12). Plaintiff has responded in opposition (Dkt. 13). Upon consideration, the motion is DENIED.

### Background

Defendant filed a *pro se* answer (Dkt. 5). Because Defendant is a corporation and cannot proceed *pro se*, its answer was stricken (Dkt. 6). *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel."); M.D. Fla. Local Rule 2.03(e). The order, which was entered on September 23, 2010, instructed Defendant to file a response to the complaint, through counsel, within 21 days (Dkt. 6).

Defendant did not respond to the complaint as directed. On October 27, 2010, Plaintiff moved for the entry of default (Dkt. 7). Even though a copy of the motion was served on Defendant, Defendant still did not comply with the Court's order. On December 7, 2010, the Court granted Plaintiff's motion for default (Dkt. 8).

On January 4, 2011, more than three months after the Court struck Defendant's answer, a

notice of appearance was finally filed on behalf of Defendant. The following week, Defendant moved to vacate the default. At the same tine, Defendant filed an answer, without authorization from the Court.

## Analysis

"[B]ecause of the strong policy of determining cases on their merits," defaults are generally viewed with disfavor. *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). The Court has discretion to set aside a default for "good cause." Fed. R. Civ. P. 55(c). "Good cause" is a liberal standard, but is "not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Avacion*, 88 F.3d 948, 951 (11th Cir. 1996). In determining the existence of "good cause," courts have considered several factors, including "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, [] whether the defaulting party presents a meritorious defense[,] . . . whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 951-52.

When Defendant's *pro se* answer was stricken, the Court specifically instructed Defendant to "file a response to the complaint, through counsel, within 21 days of this order." (Dkt. 6). There is no suggestion that Defendant did not receive a copy of the order. In fact, the order expressly provided that copies were sent to the same address given in the answer. But Defendant did not request an extension of time and did not respond to the complaint through counsel, as directed.

Nearly three months passed before Defendant finally attempted to file an answer through

counsel. During that time, Defendant was served with Plaintiff's motion for the entry of default. That motion remained pending for well over a month. But Defendant still failed to file an answer through counsel.

Defendant claims to have been unable to retain counsel until January 5, 2010. But this vague assertion is left unexplained. And Defendant certainly has not demonstrated its diligence in attempting to comply with the Court's order. Indeed, Defendant never requested additional time to obtain counsel.

Based on this record, Defendant has shown a disregard for these proceedings which was, at the very least, reckless. The default was willful and therefore will not be vacated. *See Compania Interamericana*, 88 F.3d at 951-52 ("[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.").

Several other factors in *Compania Interamericana* further militate against vacating the default. First, Defendant failed to act promptly after the default was entered, instead choosing to wait more than a month before filing its motion to vacate. Second, there has been no showing of significant financial loss to the defaulting party. Rather, the only relief Plaintiff requests is statutory damages of $1000.00, costs, and reasonable attorney's fees. Third, Defendant has not shown the existence of a meritorious defense. "[A] moving party cannot satisfy the burden of showing a meritorious defense simply by 'asserting a general denial.'" *Valdez v. Feltman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1296 (11th Cir. 2003) (quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)). Rather, "the moving party 'must make an affirmative showing of a defense that is likely to be successful.'" *Id.* (quoting *Solaroll*, 803 F.2d

at 1133). The affirmative defenses raised by Defendant are simply conclusory statements unsupported by plausible allegations of fact. Defendant has not offered any facts or argument to explain how its defenses are likely to succeed.

## Conclusion

Under the facts and circumstances of this case, the Court declines to exercise its discretion to vacate Defendant's willful default.[1] Accordingly, Defendant's motion to vacate clerk's default (Dkt. 12) is DENIED. Defendant's answer (Dkt. 11), which was improperly filed after the entry of default, is STRICKEN.

**DONE AND ORDERED** this _10th_ day of February, 2011.

                                            JAMES D. WHITTEMORE
                                            **United States District Judge**

Copies to:
Counsel of Record

---

[1] The Court is not persuaded by Defendant's reliance on *James River Ins. Co. v. SM-Ashley Park, LLC*, No. 3:10-cv-23-J-32TEM, 2010 WL 5092420 (M.D. Fla. Nov. 16, 2010), adopted 2010 WL 5089485 (M.D. Fla. Dec. 8, 2010). Although the corporate defendant in *James River* initially appeared *pro se*, the corporation promptly obtained counsel as directed by the court and did not willfully disregard a court order.